UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SUZANNE KRUSINSKI,

                    Plaintiff,                                  **MEMORANDUM AND ORDER**

- against -                                                   19-CV-2112 (RRM) (RML)

RIDGEWOOD SAVINGS BANK,

                    Defendant.
------------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

      Plaintiff Suzanne Krusinski, proceeding *pro se*, brings this action against defendant Ridgewood Savings Bank ("Ridgewood"), alleging that in light of Ridgewood's failure to meet disclosure requirements and the unconstitutionality of the Federal Reserve Act, her mortgage loan with the bank is "null and void." (Complaint (Doc. No. 1) ¶ 26.) Presently before the Court is Ridgewood's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the complaint is dismissed.

## BACKGROUND

      The following facts are drawn from Krusinski's complaint and are assumed to be true for the purposes of this motion to dismiss. On July 12, 2001, Krusinski received a mortgage loan from Ridgewood for the property of 78-27 86 Street, Glendale, NY 11385. (Compl. at 1.)[1] The loan was backed by a promissory note executed by plaintiff and John Krusinski. (*Id.*)

      On June 20, 2018, Krusinski sent a letter to Ridgewood, requesting among other things full disclosure on how the mortgage loan was funded, as well as the ability to inspect the "ORIGINAL WET INK SIGNATURE NOTE." (Compl. at 4 ¶ 2.) The complaint references the letter and describes many of Krusinski's requests but does not attach the letter. (*Id.*) Ridgewood

---
[1] The Court refers to the page numbers assigned by the Electronic Case Filing system.

responded to Krusinski's inquiry in a letter dated June 28, 2018. (*Id.*) Krusinski sent a second letter requesting similar information on July 9, 2018, to which Ridgewood responded one week later. (*Id.*)

On April 11, 2019, Krusinski commenced this action seeking to nullify and void the mortgage contract for primarily two reasons. (Compl. ¶ 26.) First, she argues that the Federal Reserve Act is unconstitutional, and that Ridgewood could only loan "gold and silver coin" to create a debt obligation. (Compl., ¶¶ 17–18.) Second, she argues that she is entitled to relief resulting from Ridgewood's failure to provide "full disclosure" of documents and information pertaining to the loan, including the original "wet ink" promissory note. (Compl., ¶¶ 2–3; *see also* Opposition ("Opp.") (Doc. No. 10-10) at 9.)

On May 28, 2019, Ridgewood sought a pre-motion conference in anticipation of filing a motion to dismiss. (Ridgewood Pre-Motion Conference Letter (Doc. No. 7).) In response, Krusinski attached the full correspondence with Ridgewood described in her complaint. (Krusinski Response (Doc. No. 8).)[2] The correspondence demonstrates that in response to Krusinski's June 20, 2018, letter request to inspect the original signed note. (Krusinski Letter (Doc. No. 8) at 3–6), Ridgewood provided information on the loan and enclosed a copy of the mortgage document on June 28, 2018, (Ridgewood June 28, 2018, Letter (Doc. No. 8) at 10)). Ridgewood's response to Krusinski second letter, (Krusinski July 9, 2018 Letter (Doc. No. 8) at 7–9), which was much like her first, enclosed another copy of the mortgage document and promissory note, and stated that the original signed note was "not available for inspection," (Ridgewood July 16, 2018, Letter (Doc. No. 8) at 11).

---

[2] The correspondence between Krusinski and Ridgewood referred to herein are considered by the Court as they are incorporated by reference in the complaint. (*See* Compl. at 4.)

2

On October 16, 2019, Ridgewood filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. First, it argues that the Federal Reserve Act's constitutional status has been "well settled for over a century." (Mot. at 5.) Second, it argues that Krusinski failed to state a claim for inadequate disclosure under the Real Estate Settlement Procedures Act ("RESPA"). (*Id.* at 4.) Third, despite not being mentioned in the complaint and only raised in Krusinski's pre-motion conference letter (Doc. No. 10-5), Ridgewood addresses Uniform Commercial Code ("UCC") § 2-609, deeming it inapplicable since this case does not involve the sale of goods. (*Id.* at 6–7.)

In opposition, Krusinski raises several new claims, including that Ridgewood violated both the Generally Accepted Accounting Principles ("GAAP") and the UCC. (Opp. at 9–10.) In its reply, Ridgewood argues that Krusinski's claim that it violated GAAP was merely conclusory without citing to any actual wrongdoing. (Reply (Doc. No. 10-17) at 4–5.)

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6), a party may move to dismiss a cause of action that "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To withstand a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. Of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). The Court assumes the truth of the facts alleged, and draws all reasonable inferences in the nonmovant's favor. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). Although all factual

allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

When a plaintiff proceeds *pro se*, the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris*, 572 F.3d at 72 (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Notwithstanding the liberal pleading standards granted to a *pro se* plaintiff, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York*, 956 F. Supp. 257, 260 (E.D.N.Y. 1995). Where a *pro se* plaintiff has altogether failed to satisfy a pleading requirement and the allegations in the complaint do not raise a plausible claim to relief, dismissal is warranted. *See Twombly*, 550 U.S. at 558; *see also Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citation omitted). Moreover, a district court generally should not dismiss a *pro se* complaint without permitting at least one opportunity to amend. *See Xian Yong Zeng v. Pompeo*, 740 F. App'x 9, 10 (2d Cir. 2018) (summary order) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

The Court's review is limited to facts alleged in the complaint, documents attached to the complaint or incorporated by reference in the complaint, and matters of which the Court may take judicial notice. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Where "a plaintiff sues primarily on the basis of a document . . . and only attaches selected portions of that document, or fails to attach the document at all" courts consider documents outside the pleadings. *Berg v. Empire Blue Cross & Blue Shield*, 105 F. Supp. 2d 121, 126 (E.D.N.Y. 2000) (citing *International Audiotext Network, Inc. v. American Tel. and Tel. Co.*, 62

4

F.3d 69, 72 (2d Cir. 1995); *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991)).

## DISCUSSION

### I. Federal Reserve Act

"It has long been established that Federal Reserve Notes are legal tender and that legal tender need not consist of silver or gold coin." *Sneed v. Chase Home Fin. LLC*, No. 07-CV-0829 (LAB) (AJB), 2007 WL 1851674, at *3 (S.D. Cal. 2007) (citing *Norman v. Baltimore & Ohio R. Co.*, 294 U.S. 240, 303 (1935) (explaining the validity and effect of federal acts providing for the issuance of currency, and affirming the status of Federal Reserve notes and circulating notes of Federal Reserve banks and national banking associations as legal tender)); *Foret v. Wilson*, 725 F.2d 254, 254–55 (5th Cir. 1984) ("[The] argument, that only gold and silver coin may be constituted legal tender by the United States, is hopeless and frivolous, having been rejected finally by the United States one hundred years ago.") (citing *Julliard v. Greenman*, 110 U.S. 421 (1884)).

The argument against recognizing Federal Reserve Notes as legal tender, which was firmly rejected in *Sneed*, mirrors the argument raised by Krusinski. Like the plaintiff in *Sneed*, Krusinski cites to U.S. Const. art. I, § 10, for the proposition that "gold and silver coin" is the only lawful tender. *Sneed* at *3; *see also* Compl., ¶ 15. Krusinski argues that *Julliard* is not applicable to this case, because it involved 19th Century "United States notes" as opposed to Federal Reserve Notes, which were not issued until after the Federal Reserve Act was passed in 1913. *Julliard*, 110 U.S. at 436. However, *Julliard*'s holding was not limited to a particular type of note; it held that the tender of "treasury notes" was a tender of "lawful money," and squarely rejecting the art. I §10, argument that only "gold and silver coin" was good tender. *Id.* at 442. The Court is persuaded by *Sneed*'s application of *Julliard* to Federal Reserve Notes, and since

5

Krusinski provides no other justification for deeming the Federal Reserve Act unconstitutional, this claim is dismissed.

## II. RESPA Claims

Krusinski's alleges that Ridgewood failed to provide "full disclosure" of information and documents pertaining to the mortgage loan, including the original "wet ink" promissory note. (Compl. ¶¶ 2–3.) While she does not identify this as a claim pursuant to RESPA, RESPA outlines disclosure requirements that mortgage loan servicers must provide to loan applicants, including a written "notice of receipt" to all borrower inquiries, as well as the "information requested by the borrower or an explanation of why the information requested is unavailable." 12 U.S.C.A. § 2605(e).  To maintain a cause of action under RESPA, "individuals must show not only the failure to comply with the provisions of § 2605, but also actual damages to the borrower as a result of the failure, as set forth in § 2605(f)(1)(A)." *Midouin v. Downey Sav. & Loan Ass'n, F.A.*, 834 F Supp. 2d 95, 112 (E.D.N.Y. 2011) (quoting *In re Griffin*, No. 10–22431, 2010 WL 3928610, at *4 (Bankr. S.D.N.Y. Aug. 31, 2010)).  "A plaintiff seeking actual damages under § 2605 must allege that the damages were proximately caused by the defendant's violation of RESPA." *Kapsis v. American Home Mortg. Servicing Inc.*, 923 F. Supp. 2d 430, 445 (E.D.N.Y. 2013).  "Thus, to survive a motion to dismiss, the complaint must contain factual allegation[s] suggesting that any damages [plaintiff] suffered were proximately caused by [defendant's] violations of § 2605, and conclusory allegations to that effect will not suffice." *Id.* (internal citations and quotations omitted and alterations in original).

Krusinski wrote to Ridgewood on June 20, 2018, requesting various documents relating to her mortgage and other requests seemingly unrelated to the mortgage. (Krusinski June 20, 2018, Letter.) Ridgewood responded to the mortgage-related inquiries on June 28, 2018,

providing the current balance of the loan ($160,949.06), confirmation that the loan had not been sold, and confirmation that Ridgewood was in possession of the original mortgage note. (Ridgewood June 28, 2018, Letter.)  Krusinski wrote to Ridgewood again on July 9, 2018, repeating many of the same requests, (Krusinski July 9, 2018, Letter), to which Ridgewood responded by, among other things, providing a copy of Krusinski's mortgage note and assurance that Ridgewood retained the original but that the original "is not available for inspection," (Ridgewood July 16, 2018, Letter).  Ridgewood's July 16, 2018, response also notes that "[w]ith respect to the other items in your July 9th letter, please be advised that we have already addressed such items or we do not understand what you are requesting." Based on the record before the Court, Krusinski did not clarify her requests.

Krusinski describes the contents and of the four letters in the Complaint and provides the date appearing on each letter.  It was also Krusinski and not Ridgewood who provided the letters to Court.  The Court will consider the letters here as they were incorporated by reference in the Complaint and integral to the Complaint.

Assuming all facts as alleged as true and to the extent Krusinski is claiming a violation under RESPA, the Court must dismiss for two reasons.  Primarily, Krusinski fails to allege any "actual damages" resulting from Ridgewood's responses to her inquiries.  Additionally, the remedy Krusinski seeks – to nullify and void the mortgage contract – is not available for failures to comply with § 2605.  *See* § 2605(f).  Krusinski's RESPA claim fails because she has not alleged that Ridgewood either failed to provide information she requested or failed to explain why that information was unavailable.

### III. Other Asserted Claims

Krusinski purports to add additional claims in her opposition. While these claims are not properly before the Court, even if such allegations had been made in the complaint, Krusinski would not be entitled to relief.[3] Krusinski's claim that the original signed promissory note was "stolen" is not only speculative, but also contrary to Ridgewood's representation, contained in both its June 28 and July 16 letters, that it possesses the original signed note. (Opp. at 6; *see also* Ridgewood June 28, 2018 Letter, Ridgewood July 16, 2018 Letter.) The contention that the mortgage is an "exchange" rather than a "loan" is similarly baseless: this was a valid mortgage loan agreement as evidenced by the mortgage and promissory note. (Opp. at 5–6, 8–9; *see also* Soebke Aff., Exhibits D and E.) As such, neither of these claims can survive.

Krusinski also states in conclusory fashion that Ridgewood violated "federal law" by not following GAAP. (Opp. at 9.) However, courts "have repeatedly held that a private right of action does not exist" for failure to comply with GAAP. *Castro v. Home Capital Funding*, No. 09-CV-1347 (WQH) (JMA), 2009 WL 3618898, at *4 (S.D. Cal., Oct. 28, 2009) (dismissing plaintiff's claim for "violations of GAAP"). While the complaint does not cite to 12 U.S.C. § 1831n(2)(A), that statute requires that certain filings with federal agencies by banking institutions be made in accordance with GAAP. However, § 1831n(2)(A) does not create a private right of action. *Mathews v. Washington Mut. Bank, FA*, No. 5-CV-100, 2006 WL 2380460, at *11 n.6 (E.D. Pa. Aug. 14, 2006) ("We find no indication in the text, context, or history of § 1831 that it was intended to create a private right of action. It is also unclear

---

[3] The Court does not generally address claims raised for the first time in response to a motion to dismiss, since they do not give defendants "fair notice." *Lombardo v. Dr. Suess Enterprises, L.P.*, 16-CV-9974 (AKH), 2017 WL 1378413, at *4 (S.D.N.Y., Apr. 7, 2017) (declines to grant plaintiff leave to amend complaint to properly allege claims first referenced in the plaintiffs' opposition brief) (citing *Campoli v. HealthExtras, Inc.*, 232 Fed. Appx. 20, 22 (2d Cir. 2007) ("Complaint did not confer 'fair notice' to the defendant…No such claim was expressly included in the complaint, and…the elements of such a claim were not implied thereby or by the documents attached to the complaint.")).

whether this provision would even apply, given that the challenged submissions here were made to federal and state courts, not federal agencies overseeing the banking industry.").

Krusinski asserts a claim pursuant to UCC § 2-609 requesting "adequate assurance of due performance" on the part of Ridgewood regarding the information and documents Krusinski requested in her June 20, 2018, and July 9, 2018 letters. (Doc. No. 8 at 1; *see also* Opp. at 10.) To bring any Article 2 claim under the UCC, there must be a sale of "goods," which are defined under § 2-105 as "all things which are moveable at the time of identification to the contract for sale *other than* the money which is the price to be paid, investment securities, and things in action." Even though Krusinski claims that Federal Reserve Notes are "backed" by goods, it is clear from this definition that they are not goods themselves, hence there is no cause of action for Krusinski under the UCC.

Krusinski filed an unpermitted sur-reply on December 3, 2019. (Krusinski Letter of 12/3/2019 (Doc. No. 11).) Ridgewood argues that this Court should decline consideration of the sur-reply in ruling on the motion to dismiss, given that the *pro se* litigant did not adhere to applicable procedural rules and seek "leave of court." (Doc. No. 12.) The Court need not address whether to consider the sur-reply because it the arguments raised in the sur-reply are duplicative of the arguments raised in Krusinski's opposition brief.

## IV. Leave to Amend

"A pro se complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)).

9

While the Court does not see any basis for liability on Krusinski's disclosure-related RESPA claim, in an abundance of caution and in light of Krusinski's *pro se* status, the Court grants thirty (30) days' leave to amend so Krusinski can replead her RESPA claim in compliance with the requirements set forth in this Memorandum and Order.[4] Should Krusinski choose to replead, she should allege (1) specific facts regarding how Ridgewood's responses insufficiently addressed her inquiries and (2) any actual damages that she suffered as a result of Ridgewood's failure to respond to her inquiries.

## CONCLUSION

For the reasons set forth above, Ridgewood's motion to dismiss is granted. Krusinski is granted leave to amend her RESPA claim within 30 days from the entry of this Memorandum and Order. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order. If Krusinski fails to file an amended complaint within 30 days, the complaint shall be dismissed without prejudice, and judgment shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). No summonses shall issue at this time, and all further proceedings shall be stayed for 30 days. The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* plaintiff and to note the mailing on the docket.

---

[4] In addition to the general "liberal reading" afforded to a *pro se* complaint justifying leave to amend, this Court has specifically liberally interpreted *pro se* assertions of RESPA claims in the past. *See Nelson v. JPMorgan Chase Bank, N.A.*, 707 F. Supp. 2d 309, 315 (E.D.N.Y. 2009) (despite plaintiff's failure to adequately identify the RESPA provisions under which she seeks relief, this Court, "mindful that [plaintiff] is *pro se*," liberally construed the complaint to "assert RESPA claims based on Defendants' alleged failure to timely provide RESPA-required disclosure statements.").

SO ORDERED.

Dated: Brooklyn, New York  
       September 29, 2020

*Roslynn R. Mauskopf*

_____  
ROSLYNN R. MAUSKOPF  
Chief United States District Judge